Thornton, J., concurring: This Court’s prior decisions, beginning with Bakersfield Energy Partners, LP v. Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009), have consistently held, relying on Colony, Inc. v. Commissioner, 357 U.S. 28 (1958), that its construction of section 6501(e)(1)(A) follows from the unambiguous terms of the statute. Moreover, our decision in Intermountain Ins. Serv. of Vail, LLC v. Commissioner, 134 T.C. 211 (2010), accords with decisions of the Courts of Appeals for the Fourth and Fifth Circuits rendered after Mayo Found. v. United States, 562 U.S. _, 131 S. Ct. 704 (2011). See Burks v. United States, 633 F.3d 347 (5th Cir. 2011); Home Concrete & Supply, LLC v. United States, 634 F.3d 249 (4th Cir. 2011). The Courts of Appeals for the Federal and Seventh Circuits have rendered decisions to contrary effect. See Grapevine Imps., Ltd. v. United States, 636 F.3d 1368 (Fed. Cir. 2011); Beard v. Commissioner, 633 F.3d 616 (7th Cir. 2011), revg. T.C. Memo. 2009-184. Nevertheless, there is no compelling reason for this Court to abandon its precedents in this case, which is appealable to the Court of Appeals for the Ninth Circuit. That court has affirmed Bakersfield, although without addressing the final regulations, which had not then been issued. Presumably that Court of Appeals and perhaps the Supreme Court will have future occasion to do so. But at least for now the prevailing opinion appropriately holds in this case that the regulations do not trump this Court’s prior decisions. See Natl. Cable & Telecomms. Association v. Brand X Internet Servs., 545 U.S. 967, 984 (2005). Cohen, Halpern, Holmes, and Paris, JJ., agree with this concurring opinion.